IN RE LUKE H. CALLAN *et al* FOR AN OPINION.

JUNE 6, 1932.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

PER CURIAM. This is a petition brought by Luke H. Callan, the town of Bristol, Amos S. Gorham, the treasurer of said town and Benjamin M. McLyman in his capacity of attorney general of this State. The petitioners, having adversary interests in a question involving the title to certain land situated in said town, have concurred in stating such question in the form of a special case for the opinion of this court. See Cap. 339, Sec. 20, G. L. 1923.

The petition sets forth the facts upon which the parties agree. The sole question presented is whether Luke H. Callan of said town is seized in fee simple of the parcel of land in question.

The parcel appears to have been included in the Deed of Highways, &c., of John Walley *et al.* in 1690 and given "to the inhabitants of the town of Bristol, now and forever hereafter, to them and their successors forever for the encouragement and use of an able Orthodox Ministry in said town."

At the time of this grant there was an unincorporated association in the town, known as The Catholic Congregational Church. In 1721 the inhabitants voted at a town meeting that "all the ministry land in the town be and belong unto and to be improved by" the then minister of this

church. The inhabitants at this time appear to have relinquished their trusteeship, and so far as appears, they never resumed it. In 1882 a statute was passed (now Sec. 2, Chap. 47, G. L. 1923) by which no town may hold property as trustee for religious uses. After said date the town, which would succeed to the rights if any remained in the inhabitants at the time of the incorporation of the town, (see *Talbot* v. *Town of Little Compton,* 52 R. I. 280) had no authority to resume this trust.

In 1784 the church was incorporated, under charter from the State of Rhode Island as the Catholic Congregational Society, and was succeeded by First Congregational Church of Bristol incorporated under a similar charter from the State in 1869. The church and these corporations continued to hold the parcel in question, and to lease it from time to time to various parties, for a period of 250 years, until 1920. The town assessed the parcel to said church annually from 1836 to 1928, and the church paid the taxes. See *Cosgrove* v. *Franklin,* 35 R. I. 527, 536.

In 1920 Rev. James J. Goodacre, minister of the church, under authority of Chapter 2011 of the Public Laws of 1920, and with the approval of the church corporation, sold to Luke H. Callan certain real estate—adjoining on the north the land in question—which had come to the minister by deeds to the Rev. Nathaniel Cotton, minister, in 1724, and his successors. On the same day the church corporation leased to Luke H. Callan for a term of 999 years the parcel in question and covenanted to convey the land to him in fee simple without further consideration whenever it, or any one for whom it could lawfully act, could do so. A substantial cash consideration was paid for this deed and also for the lease.

In 1928 the General Assembly passed an act authorizing the church and Rev. James J. Goodacre, the minister thereof, with the concurrence of the town council, to convey this parcel in fee simple absolute and to hold the proceeds for the same uses which it held said lands. We think

it was the legislative intent to direct said church to hold said proceeds for said uses. A deed,— in which the town council concurred—conveying this parcel to Luke H. Callan was duly executed by the proper officials of the church and delivered to said Callan.

Similar procedure, concerning a house in Newport devised to a church corporation for a parsonage, was approved by this court in *Van Horne, Petitioner,* 18 R. I. 389. The court held that: "the Second Baptist Church and Society in Newport, can, under the authority of said act of the General Assembly, and with the concurrence of the Board of Aldermen of said city, as provided in said act, make a good title to the land in question, free from all trusts."

Some question having been raised as to whether the town of Bristol or the inhabitants thereof still retained legal title to the parcel, it was voted, at a town meeting duly assembled and held on April 26, 1932, that the town convey and release to Luke H. Callan, in fee simple absolute, any and all right, title, interest, property, claim and demand which the town or the inhabitants had in and to this parcel. The town treasurer was authorized to make the conveyance for a nominal consideration and has since done so.

There are decisions in other New England states holding that the legal title of land given to the inhabitants for the use of the ministry vests in the church, then existing, when it becomes incorporated and takes over or succeeds to the parochial rights and duties formerly belonging to the town. Such decisions include *Town of Newmarket* v. *Smart,* 45 N. H. 87; *Ludlow* v. *Sikes,* 19 Pick. (Mass.) 317; and *Flye* v. *First Congregational Parish,* 114 Me. 158. These cases are summarized in the article entitled "Religious Societies" in 54 C. J., p. 64, under note 52 "Ministerial Lands in New England." Until 1746 Bristol was a part of Massachusetts, therefore the Massachusetts law would have an important bearing upon certain phases of the question.

Under the circumstances and facts stated in this petition, and in view not only of the decisions in this State and in

other New England states upon land similarly donated to inhabitants of towns for the use of the ministry, but also of Sec. 2, Chap. 47, G. L. 1923, and the act of the General Assembly entitled: "An Act authorizing the First Congregational Church in Bristol, R. I. to sell certain real estate in Bristol," approved April 25, 1928, it is our opinion that the deed by the church and the minister in 1928, in which the town council concurred, effectually conveyed an absolute title to the parcel in question to Luke H. Callan free from all trusts.

*Littlefield, Otis & Knowles, James B. Littlefield,* for Petitioner, Callan.

*Joseph A. Hammill, Town Solicitor,* for Town of Bristol.

*Benjamin M. McLyman, Attorney General,* for State.